IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

RYAN JAEGER,

                                                           OPINION AND ORDER

                     Plaintiff,

                                                           20-cv-541-bbc

      v.

KILOLO KIJAKAZI[1],
Acting Commissioner of Social Security,

                   Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Plaintiff Ryan Jaeger appeals a decision of the Acting Commissioner of Social Security denying his application for disability insurance benefits under the Social Security Act. He argues that the administrative law judge (ALJ) who denied his application erred by failing to identify fibromyalgia as one of plaintiff's severe impairments, by disregarding plaintiff's subjective complaints of chronic pain and fatigue by failing to properly weigh the opinion plaintiff's treating doctor. For the reasons explained below, I agree with plaintiff that the ALJ erred by failing to adequately address plaintiff's fibromyalgia. Accordingly, this case will be remanded for further proceedings.

---

[1]The court has changed the caption to reflect Kilolo Kijakazi's recent appointment as acting commissioner.

BACKGROUND

In August 2017, at the age of 40, plaintiff Ryan Jaeger applied for disability insurance benefits and supplement security income under the Social Security Act, alleging that he had been disabled since January 16, 2017 because of sleeplessness, pain and depression. Dkt. #14, Administrative Record ("AR") 336. Plaintiff submitted medical records showing that from 2013 to 2017, he had been treated for degenerative disc disease, anxiety, depression, sleep disorder, headaches and chronic pain. In January 2018, his treating physician referred him to the Mayo Pain Clinic, AR 985, where Dr. David Salek diagnosed fibromyalgia and chronic pain and fatigue. AR 974. Salek noted that multiple previous interventions and medication trials targeting plaintiff's back pain had failed, and recommended that plaintiff be treated by a pain clinic and with duloxetine for his fibromyalgia. AR 973.

Plaintiff's primary care doctor, Dr. Kristen Whitaker, concurred with Dr. Selek that plaintiff's symptoms were caused primarily by fibromyalgia, and started treating him for fibromyalgia in January 2018. AR 1002. By the time plaintiff applied for disability benefits, he had tried several treatments, including physical therapy, water therapy, chiropractic treatment, massage therapy, a TENS unit, epidural injections and various pain medications, including oxycodone, tramadol, gabapentin, pregabalin, prednisone, tizandine, duloxetine and naltrexone. AR 988, 993.

After the local disability agency denied his claim initially and on reconsideration, plaintiff requested an administrative hearing, which was held in February 2019 before ALJ

Patricia Witkowski Supergan. Plaintiff was represented by an attorney at the hearing. The ALJ held a supplemental hearing in August 2019.

At the hearings, plaintiff testified that he had last worked full time in January 2017, as a pastor, and had driven for Uber sporadically after that. He had not worked at all since the beginning of 2019 because of widespread pain and chronic fatigue. AR 96, 1159. He spent most of his days sitting down and watching television, or lying in a dark room because of headaches. AR 102. He testified that he had difficulty concentrating and remembering things, and that he experienced widespread and debilitating fatigue, pain and numbness on a daily basis. AR 102, 106-07.

On September 12, 2019, the ALJ issued a decision, finding plaintiff not disabled under the five-step inquiry for evaluating disability claims, 20 C.F.R. § 404.1520. At steps one through four, the ALJ found that plaintiff had the severe impairments of obesity, degenerative disc disease and obstructive sleep apnea. AR 24. The ALJ then determined that none of plaintiff's impairments met or medically equaled a listed impairment, AR 29, and that plaintiff had the residual functional capacity to perform light work with additional non-exertional limitations. AR 30. The ALJ concluded that plaintiff was not disabled because he could perform jobs that existed in significant numbers in the national economy, including mail clerk, label coder and office helper. AR 35.

The Appeals Council subsequently denied plaintiff's request for review, making the ALJ's decision the final decision of the acting commissioner.

OPINION

The case is now before this court to determine whether the ALJ's decision is supported by substantial evidence, that is, "sufficient evidence to support the agency's factual determinations." Biestek v. Berryhill, 139 S. Ct. 1148, 1154 (2019). The threshold for sufficiency is not high; the substantial evidence standard requires only "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Id. The ALJ must identify the relevant evidence and build a "logical bridge" between that evidence and the ultimate determination. Moon v. Colvin, 763 F.3d 718, 721 (7th Cir. 2014). In reviewing an ALJ's decision, the court applies a common-sense reading and considers the opinion as a whole. Winsted v. Berryhill, 923 F.3d 472, 478 (7th Cir. 2019).

Plaintiff contends that the ALJ's decision is not supported by substantial evidence because the ALJ failed to adequately address plaintiff's fibromyalgia. Plaintiff argues that because the ALJ failed to address plaintiff's fibromyalgia, the ALJ failed to account for plaintiff's subjective complaints of pain and fatigue and failed to properly weigh the opinion of plaintiff's treating physician, Dr. Whitaker.

Plaintiff's arguments are persuasive. The medical records show that from 2013 through 2017, plaintiff's medical providers tried multiple unsuccessful treatments to address plaintiff's pain and fatigue, and ultimately referred him to the Mayo Clinic's pain clinic. AR 985. In January 2018, Dr. Salek from the Mayo Clinic's pain clinic examined plaintiff, reviewed plaintiff's medical records and concluded that plaintiff's chronic fatigue and widespread pain were caused by fibromyalgia. AR 973-74. Salek concluded that plaintiff's

treatment should focus on controlling his fibromyalgia symptoms. Id. Likewise, plaintiff's primary care provider, Dr. Whitaker, concluded that plaintiff's pain was attributable to fibromyalgia, and prescribed treatment for fibromyalgia. AR 981, 1002, 1126. However, the ALJ did not discuss plaintiff's fibromyalgia diagnosis when considering whether plaintiff had any severe impairments at step two in her disability analysis. AR 24. The ALJ refers to fibromyalgia only twice in her decision, when citing to the records provided by Dr. Salek and Dr. Whitaker, but she did not specifically discuss the symptoms, treatment or limitations attributable to plaintiff's fibromyalgia. In light of the numerous medical records referring to fibromyalgia as a primary cause of plaintiff's chronic pain and fatigue, the ALJ's failure to address fibromyalgia in her decision was a significant error.

        The Acting Commissioner argues that plaintiff was not prejudiced by the ALJ's failure to address fibromyalgia because plaintiff's fibromyalgia was not a "medically determinable impairment." For fibromyalgia to qualify as a "medically determinable impairment" for purposes of social security, plaintiff would have had to submit evidence relating to (1) a tender point analysis; or (2) a history of widespread pain, repeated manifestations of six or more fibromyalgia symptoms, signs, or contemporaneous conditions, and evidence that alternative explanations for those symptoms, signs, or contemporaneous conditions were ruled out. Social Security Ruling, SSR 12–2p, 2012 WL 3104869, at *3; Thomas v. Colvin, 826 F.3d 953, 958 (7th Cir. 2016). The Acting Commissioner argues that plaintiff did not submit evidence sufficient to satisfy either method of showing that plaintiff's fibromyalgia was a medically determinable impairment.

This argument is unpersuasive, however, because the medical evidence includes many reports of widespread pain; symptoms, signs and contemporaneous conditions associated with fibromyalgia, including muscle aches, fatigue, depression, anxiety, bowel problems and headaches; and numerous tests and treatment protocols that plaintiff's doctors conducted while looking for explanations, such as MRIs, blood work, an ultrasound and neuropsychological treating.  AR 575-80, 985, 1107, 1111, 1127-28.  The ALJ failed to discuss this evidence in conjunction with plaintiff's fibromyalgia diagnosis and associated symptoms.  Thomas, 826 F.3d at 959 (remanding case where ALJ failed to adequately address plaintiff's fibromyalgia, and stating that, "without any analysis from the ALJ, there is no basis for drawing any conclusions about what evidence [of fibromyalgia] he considered or overlooked").

The Acting Commissioner also argues that, even if the ALJ was wrong to omit fibromyalgia from plaintiff's impairments, the error was harmless because the ALJ considered all of the objective evidence of functional limitations in concluding that plaintiff could perform a reduced range of light work.  This argument is also unpersuasive, however, because that ALJ's residual functional capacity assessment is based, in part, on the ALJ's failure to acknowledge the limitations caused by plaintiff's fibromyalgia.  The ALJ stated that plaintiff's subjective symptoms, and Dr. Whitaker's opinion about plaintiff's functional limitations, were not supported by objective medical evidence.  AR 31.  But the ALJ focused on medical imaging and testing of plaintiff's coordination, strength and other abilities, none of which specifically addressed fibromyalgia or its symptoms of chronic pain and fatigue.

Vanprooyen v. Berryhill, 864 F.3d 567, 572 (7th Cir. 2017) (finding that fibromyalgia cannot be measured with objective tests).

In sum, because the ALJ's failed to adequately acknowledge and discuss plaintiff's fibromyalgia diagnosis, symptoms and treatment, the ALJ's decision is not supported by substantial evidence. This case must be remanded to the Social Security Administration for further proceedings.

ORDER

IT IS ORDERED that the that the decision denying benefits to plaintiff Ryan Jaeger is REVERSED, and this case is REMANDED to defendant Kilolo Kijakazi, Acting Commissioner of Social Security, for further proceedings consistent with this opinion.

Entered this 25th day of October, 2021.

BY THE COURT:

/s/
_____
BARBARA B. CRABB
District Judge